IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| ZYKERIA DAVIS, | : |
| Petitioner, | : |
| v. | : Case No. 5:25-cv-538-TES-CHW |
| JESSIE WILLIAMS, | : |
| Respondent. | : |

**ORDER**

Presently pending before the Court is a petition for writ of habeas corpus seeking relief pursuant to 28 U.S.C. § 2254 on behalf of Petitioner Zykeria Davis, an inmate in the Pulaski State Prison in Hawkinsville, Georgia (ECF No. 1). The Petition, however, was prepared and signed by another inmate at the prison, Ms. Kyrima Anderson. ECF No. 1 at 15. Ms. Anderson indicates she is a "friend of the Court" and appears to have signed the Petition in that capacity. *Id.*

28 U.S.C. § 1654 generally requires parties in federal courts to "plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *See also* M.D. Ga. R. 83.1.1 (governing attorney admissions). Thus, only Petitioner Davis or a licensed attorney admitted to practice before this Court would typically be allowed to prosecute this action. In habeas corpus cases, however, "courts have long permitted a next friend to proceed on behalf of a prisoner who is unable to seek relief [herself]." *Lonchar v. Zant*, 978 F.2d 637, 641 (11th Cir. 1992). Indeed, "Congress explicitly codified this next friend standing in 1948 by

allowing for application for a writ of habeas corpus 'by the person for whose relief it is intended or by someone acting in his behalf.'" *Id.* (quoting 28 U.S.C. § 2242). To establish standing to bring a habeas petition as a next friend, however, "[t]he would-be next friend must first prove that the real party in interest cannot pursue [her] own cause due to some disability such as mental incompetence or lack of access to court." *Id.* (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163-65 (1990)). In addition, "the next friend must show some relationship or other evidence that would suggest that the next friend is truly dedicated to the interests of the real party in interest." *Id.* Absent "an adequate reason or explanation of the necessity for resort to the 'next friend' device, the court is without jurisdiction to consider the petition." *Weber v. Garza*, 570 F.2d 511, 514 (5th Cir. 1978).[1]

Ms. Anderson bears the burden of establishing that she has standing to proceed on behalf of Petitioner Davis and to raise Petitioner Davis's claims before this Court. *Lonchar*, 978 F.2d at 640. She must therefore "establish[] some reason or explanation, satisfactory to the court, showing: (1) why the detained person did not sign and verify the petition and (2) the relationship and interest of the would be 'next-friend.'" *Weber*, 570 F.2d at 513-14. She has failed to do so in this case. Although Ms. Anderson suggests she and Petitioner Davis were separated to prevent them from communicating, ECF No. 1 at 15, Ms. Anderson does not explain why Petitioner Davis cannot simply file this case on

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to close of business on September 30, 1981.

her own, nor does she describe any relationship or other evidence suggesting she is truly dedicated to Petitioner Davis's best interests.

If Petitioner Davis wishes to proceed with this action on her own behalf, she is therefore **ORDERED** to recast her Petition on one of the Court's standard forms for seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner Davis must also either pay the $5.00 filing fee or file a motion for leave to proceed *in forma pauperis* in this action. The Clerk is **DIRECTED** to mail Petitioner Davis a copy of the appropriate forms, marked with the case number for the above-captioned action, that Petitioner Davis should use if she wishes to continue with this case. The Clerk may also mail a courtesy copy of this Order, without the attached forms, to Ms. Anderson at the Pulaski State Prison.

Petitioner Davis shall have **FOURTEEN (14) DAYS** from the date shown on this Order to (1) pay the required $5.00 filing fee or file a proper and complete motion to proceed without the prepayment of the filing fee and (2) recast her Petition on the Court's standard form. **Failure to fully and timely comply with this Order may result in the dismissal of the pending application for habeas relief.** There will be no service of process in this case until further order.

**SO ORDERED**, this 29th day of January, 2026.

                                        s/ Charles H. Weigle
                                        Charles H. Weigle
                                        United States Magistrate Judge